**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| TRAVELPORT, LP, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| v. | ] | CIVIL ACTION FILE NO.: |
| | ] | |
| JOHN E. JERRIT, | ] | |
| SANDRA E. JERRIT, | ] | _____ |
| HAIT & EICHELZER, and | ] | |
| P. KENT EICHELZER, III, | ] | |
| | ] | |
| Defendants. | ] | |

**VERIFIED COMPLAINT**

Travelport, LP maintains and self-funds a health and welfare benefits plan for its retirees. This lawsuit seeks the return of the plan's assets for the benefit of the plan's participants and beneficiaries.

**A.     PARTIES, JURISDICTION & VENUE**

1.     Travelport, LP ("Travelport") is a Delaware limited partnership. Travelport maintains and self-funds a health and welfare benefits plan (the "Plan") for its retirees. Genuine copies of the relevant portions of the Plan are attached hereto as **Exhibits A - F,** which are incorporated herein by reference. The Plan is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"),

29 U.S.C. §§ 1001, *et seq.* ("ERISA"). Travelport is a fiduciary and sponsor of the Plan. Travelport brings this action in its capacity as fiduciary of the Plan.

2.     John E. Jerrit is a Georgia resident residing in Cherokee County and, upon information and belief, he may be served with the summons and a copy of this Complaint at 1415 Olde Forge Lane, Woodstock, Georgia 30189, or as otherwise permitted by law.

3.     Sandra E. Jerrit is a Georgia resident residing in Cherokee County and, upon information and belief, she may be served with the summons and a copy of this Complaint at 1415 Olde Forge Lane, Woodstock, Georgia 30189, or as otherwise permitted by law. John and Sandra Jerrit are married.

4.     P. Kent Eichelzer, III is an attorney licensed to practice law in the State of Georgia. Mr. Eichelzer and his law firm, Hait & Eichelzer, represent the Jerrits. Mr. Eichelzer can be served with the summons and a copy of this Complaint at 185 Stockwood Drive, Suite 100, Woodstock, Georgia, 30188, or as otherwise permitted by law. Hait & Eichelzer may likewise be served, through Mr. Eichelzer, with the summons and a copy of this Complaint at 185 Stockwood Drive, Suite 100, Woodstock, Georgia, 30188, or as otherwise permitted by law.

5.     This Court has subject-matter jurisdiction over this civil action in accordance with 28 U.S.C. § 1331, 29 U.S.C. §§ 1132(e), 1132(a)(3) because this

civil action seeks to enforce the provisions of the Plan arising under ERISA.

6.   Venue lies in the Northern District of Georgia, Atlanta Division under 28 U.S.C. § 1391 and LR 3.1B, NDGa. because at least one of the defendants resides in this district and all of the defendants reside in the State of Georgia. Venue is further proper in this district under 29 U.S.C. § 1132(e)(2) because Defendants reside within this district.

## B.   **FACTUAL ALLEGATIONS**

7.   At all times relevant to this Complaint, the Jerrits were covered persons under the terms of the Plan.

8.   On or about August 31, 2009, the Jerrits were involved in an automobile accident in or around Sequim, Washington (the "Accident"). The Jerrits sustained injuries and damages as a result of the Accident.

9.   As a result of the injuries and damages the Jerrits sustained in the Accident, the Plan provided at least $666,290.94 of medical benefits on Mr. Jerrit's behalf and at least $206,361.30 of medical benefits on Mrs. Jerrit's behalf.

10.   Pursuant to the Plan, the Jerrits are required to reimburse the Plan for the amount of medical benefits provided on their behalf. The Plan specifically states:

> **Subrogation**
> Immediately upon paying or providing any benefit under this plan, the

plan shall be subrogated to (stand in the place of) all rights of recovery a Covered Person has against any Responsible Party with respect to any payment made by the Responsible Party to a Covered Person due to a Covered Person's injury, illness or condition to the full extent of benefits provided or to be provided by the plan.

## Reimbursement

In addition, if a Covered Person receives any payment from any Responsible Party or Insurance Coverage as a result of an injury, illness, or condition, the plan has the right to recover from, and be reimbursed by, the Covered Person for all amounts this plan has paid and will pay as a result of that injury, illness, or condition, from such payment, up to and including the full amount the Covered Person receives from any Responsible Party.

## Constructive Trust

By accepting benefits (whether the payment of such benefits is made to the Covered Person or made on behalf of the Covered Person to any provider) from the plan, the Covered Person agrees that if he or she receives any payment from any Responsible Party as a result of an injury, illness, or condition, he or she will serve as a constructive trustee over the funds that constitutes such payment. Failure to hold such funds in trust will be deemed a breach of the Covered Person's fiduciary duty to the plan.

## Lien Rights

Further, the plan will automatically have a lien to the extent of benefits paid by the plan for the treatment of the illness, injury, or condition for which the Responsible Party is liable. The lien shall be imposed upon any recovery whether by settlement, judgment, or otherwise, including from any Insurance Coverage, related to treatment for any illness, injury, or condition for which the plan paid benefits. The lien may be enforced against any party who possesses funds or proceeds representing the amount of benefits paid by the plan including, but not limited to, the Covered Person, the Covered Person's representative or agent; Responsible Party; Responsible Party's insurer, representative, or agent; and/or any other source possessing funds representing the amount of benefits paid by the plan.

**First-Priority Claim**

By accepting benefits (whether the payment of such benefits is made to the Covered Person or made on behalf of the Covered Person to any provider) from the plan, the Covered Person acknowledges that the plan's recovery rights are a first priority claim against all Responsible Parties and are to be paid to the plan before any other claim for the Covered Person's damages. This plan shall be entitled to full reimbursement on a first-dollar basis from any Responsible Party's payments, even if such payment to the plan will result in a recovery to the Covered Person, which is insufficient to make the Covered Person whole or to compensate the Covered Person in part or in whole for the damages sustained. The plan is not required to participate in or pay court costs or attorney fees to any attorney hired by the Covered Person to pursue the Covered Person's damage claim.

**Applicability to All Settlements and Judgments**

The terms of this entire subrogation and right of recovery provision shall apply and the plan is entitled to full recovery regardless of whether any liability for payment is admitted by any Responsible Party and regardless of whether the settlement or judgment received by the Covered Person identifies the medical benefits the plan provided or purports to allocate any portion of such settlement or judgment to payment of expenses other than medical expenses. The plan is entitled to recover from *any and all* settlements or judgments, even those designated as pain and suffering, non-economic damages, and/or general damages only.

**Cooperation**

The Covered Person shall fully cooperate with the plan's efforts to recover its benefits paid. It is the duty of the Covered Person to notify the plan within 30 days of the date when any notice is given to any party, including an insurance company or attorney, of the Covered Person's intention to pursue or investigate a claim to recover damages or obtain compensation due to injury, illness or condition sustained by the Covered person. The Covered Person and his/her agents shall provide all information requested by the plan, the Claims Administrator or its representative including, but not limited to,

completing and submitting any applications or other forms or statements as the plan may reasonably request. Failure to provide this information may result in the termination of health benefits for the Covered Person or the institution of court proceedings against the Covered Person.

The Covered Person shall do nothing to prejudice the plan's subrogation or recovery interest or to prejudice the Plan's ability to enforce the terms of this plan provision. This includes, but is not limited to, refraining from making any settlement or recovery that attempts to reduce or exclude the full cost of all benefits provided by the plan.

The Covered Person acknowledges that the plan has the right to conduct an investigation regarding the injury, illness, or condition to identify any Responsible Party. The plan reserves the right to notify Responsible Party and his or her agents of its lien. Agents include, but are not limited to, insurance companies and attorneys.

<u>See</u> **Exhibits D - F**.

11.  Mr. Eichelzer and his law firm, Hait & Eichelzer, represented the Jerrits as a result of the injuries and damages they sustained in the Accident.

12.  Shortly after the Accident, the Plan notified Defendants about the Plan's right of subrogation and reimbursement. <u>See</u> **Exhibit G**.

13.  The Jerrits resolved their claims against at least one of the persons responsible for the Accident and/or one or more of the insurance carriers that provided coverage for the Accident for at least $1,500,000.00 (the "Settlement Funds"). <u>See</u> **Exhibit H**.

14.  Despite knowledge of the Plan's subrogation rights and rights of

recovery, Defendants have failed to reimburse the Plan for the medical benefits it provided to the Jerrits as a result of the Accident. Defendants also refused the Plan's numerous requests to reimburse the Plan and admitted that all or portions of the Settlement Funds are still in their possession. <u>See</u> **Exhibit H, I**.

15.     Defendants have agreed to hold **$872,652.24** of the Settlement Funds, plus any interest accrued on said sum, in trust pending the conclusion of this action. Defendants have further agreed not to dissipate or disburse any part of said sum except in accordance with the final order terminating this action, including timely appellate proceedings arising out of this action, except upon agreement of all parties hereto. <u>See</u> **Exhibit J**.

## C.     <u>CAUSES OF ACTION</u>

### <u>Count One:  Restitution, Equitable Lien, and/or Constructive Trust</u>

16.     Travelport adopts and incorporates paragraphs 1 through 15 fully as if set forth verbatim herein.

17.     As a result of the Accident, the Plan provided the Jerrits at least **$872,652.24** in medical benefits, which the Plan is entitled to reimbursement. The Settlement Funds rightfully belong to the Plan. **$872,652.24** of the Settlement Funds to which the Plan is entitled are in the possession of Defendants. Defendants had actual knowledge of the Plan's rights of subrogation and

reimbursement before settlement; therefore, Defendants' refusal to tender the Settlement Funds to the Plan (up to the amount of medical benefits the Plan provided to the Jerrits) was wrongful. Defendants have received and retained property (*e.g.*, the Settlement Funds, etc.) and have been unjustly enriched under such circumstances that they may not in equity and good conscience retain their beneficial interest in said property.

18.     Pursuant to 29 U.S.C. § 1132(a)(3), Travelport seeks equitable relief, including, but not limited to, restitution, imposition of a constructive trust, and equitable lien to enforce ERISA and the terms of the Plan on the Settlement Funds belonging to the Plan that are in Defendants' possession in the amount of no less than **$872,652.24**, plus accrued interest. The Plan is also entitled to a constructive trust and equitable lien on all property purchased by Defendants with the Settlement Funds, to the extent that such funds and/or property are now in the custody, possession, and/or control of Defendants. The Plan is entitled to a declaration of its ownership of at least **$872,652.24** of the Settlement Funds, plus accrued interest. The Plan is also entitled to an order directing Defendants to turn over to the Plan the Settlement Funds, plus accrued interest, in the amount of no less than **$872,652.24**.

## Count II:  Unjust Enrichment

19.     Travelport adopts and incorporates paragraphs 1 through 18 fully as if set forth verbatim herein.

20.     Defendants were not entitled to retain the Settlement Funds without reimbursing the Plan for the amount of medical benefits provided to them.

21.     Defendants have no lawful claim to that portion of the Settlement Funds for which the Plan provided medical benefits on the Jerrits' behalf.

22.     Defendants have refused the Plan's demands to reimburse the Plan for the amount of medical benefits provided on the Jerrits' behalf.

23.     Defendants' retention of the medical benefits provided to the Jerrits by the Plan violates established principles of fairness and equity.

24.     By reason of the Plan's medical benefits provided to the Jerrits, and Defendants' failure to reimburse the Plan after Defendants' settlement with one of the parties responsible for the Accident and/or one of the insurance carriers providing coverage for the Accident, Defendants have been unjustly enriched in the amount of at least **$872,652.24.**

25.     The Plan is entitled to recover from Defendants the medical benefits it has provided on the Jerrit's behalf as a result of the Accident in the amount of no less than **$872,652.24.**

## Count III:  Accounting

26.    Travelport adopts and incorporates paragraphs 1 through 25 fully as if set forth verbatim herein.

27.    As legal and/or equitable owner of some of the Settlement Funds at issue in this matter, Travelport is entitled to receive information from Defendants regarding:  (i)  Defendants' use of the Settlement Funds; (ii)  the whereabouts of the Settlement Funds;  and (iii) all documentation and other tangible evidence supporting any claims that Defendants are somehow the legal and/or equitable owners of such funds.

28.    Travelport is without an adequate remedy at law and will suffer irreparable harm unless Defendants are ordered to provide an accounting of their use of all Settlement Funds and the current whereabouts of said funds.

## Count IV:  Attorneys' Fees

29.    Travelport adopts and incorporates paragraphs 1 through 28 fully as if set forth verbatim herein.

30.    In accordance with 29 U.S.C.  §  1132(g)(1), Travelport seeks its attorneys' fees and costs.

## D.    PRAYER FOR RELIEF

**WHEREFORE**, Travelport prays as follows:

a.   That process issue and Defendants be served with a duly executed summons and a copy of this Complaint;

b.   That this Court grant judgment in favor of Travelport and against Defendants in an amount of no less than **$872,652.24** plus accrued interest;

c.   In addition to and/or in the alternative, that Travelport have a constructive trust over all Settlement Funds, in an amount of no less than **$872,652.24** plus accrued interest, received and retained by Defendants, and all property purchased by Defendants with Settlement Funds, to the extent such funds and/or property are now in the custody, possession, and/or control of Defendants;

d.   In addition to and/or in the alternative, that Travelport have an equitable lien on the Settlement Funds, in an amount of no less than **$872,652.24** plus accrued interest, and all property Defendants purchased with the Settlement Funds;

e.   In addition to and/or in the alternative, that Defendants refund the Settlement Funds, in an amount of no less than **$872,652.24** plus accrued interest;

f.   That Travelport have an accounting of Defendants' use of the Settlement Funds and the current whereabouts of said funds;

g.   That this Court grant the Travelport's attorneys' fees and costs for this action pursuant to 29 U.S.C. § 1132(g);

h.   That this Court order Defendants to turn over the Settlement Funds (plus accrued interest) in the amount of no less than **$872,652.24** to Travelport;

i.   That this Court declare Travelport owns **$872,652.24** of the Settlement Funds, plus accrued interest; and

j.   That Travelport have such other and further relief as this Court deems necessary and proper.

This 16th day of May, 2012.

MILLER & MARTIN PLLC

By: /s/ Michael P. Kohler
Michael P. Kohler
Georgia Bar No. 427727
Oladimeji A. Ogunsola
Georgia Bar No. 857808

1170 Peachtree Street, N.E., Suite 800
Atlanta, Georgia 30309-7706
Tel. No.: (404) 962-6100
Fax No.: (404) 962-6300
Email: mkohler@millermartin.com
dogunsola@millermartin.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| TRAVELPORT, LP, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| v. | ] | CIVIL ACTION FILE NO.: |
| | ] | |
| JOHN E. JERRIT, | ] | _____ |
| SANDRA E. JERRIT, | ] | |
| HAIT & EICHELZER, and | ] | |
| P. KENT EICHELZER, III, | ] | |
| | ] | |
| Defendants. | ] | |

## VERIFICATION

The undersigned hereby states, under oath, that she is the *Senior Manager, Compensation & Benefits*

of Travelport, LP, that she is familiar with the facts and circumstances which are

referenced in the foregoing Verified Complaint ("Complaint"), that she has read

the averments in the Complaint and that they are true and correct to the best of her

knowledge, information, and belief.

By: Megan Smith

Title: *Senior Manager, Compensation & Benefits*

Sworn to and Subscribed
Before me this *14* day of May, 2012.

_____
Notary Public

My Commission Expires:

CAROLYN VINING
NOTARY PUBLIC
GWINNETT COUNTY
STATE OF GEORGIA
My Commission Expires July 31, 2015

9607819_2.DOC